1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

9

NATHEN BARTON,

10       Plaintiff,

11 v.

12 PINNACLE HOME IMPROVEMENTS, LLC and JOHN DOE 1-10,

13

14       Defendants.

Case No.    3:24-cv-05142

**DEFENDANT PINNACLE HOME IMPROVEMENTS, LLC'S SPECIAL APPEARANCE AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331 AND NOTICE OF SPECIAL APPEARANCE**

15 TO:       NATHEN BARTON, PLAINTIFF

16 AND TO:  CLERK OF THE ABOVE-ENTITLED COURT

17       PLEASE TAKE NOTICE that Keith Scully of Newman LLP hereby enters a special

18 appearance, pursuant to LCR 83.2, on behalf of Defendant Pinnacle Home Improvements, LLC

19 ("Defendant") in the above-captioned action. This appearance is for the limited purpose of filing

20 this Notice of Removal and seeking a dismissal of this matter through a motion to dismiss on the

21 basis of lack of personal jurisdiction, and for that purpose only.

22       PLEASE TAKE FURTHER NOTICE that Defendant, by and through undersigned

23 counsel, hereby removes the above-captioned action, served on Defendant and captioned in the

24 Superior Court of the State of Washington, County of Clark ("State Court"), to the United

25 States District Court for the Western District of Washington at Tacoma. Removal is appropriate

26 on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331, and is authorized by

27 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Defendant alleges as follows:

28

DEFENDANT PINNACLE HOME
IMPROVEMENT LLC'S NOTICE OF
REMOVAL AND NOTICE OF SPECIAL
APPEARANCE —1

NEWMAN LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

1.      On or about February 19, 2024, Plaintiff Nathen Barton served Pinnacle Home Improvement, LLC with a copy of an unfiled Summons and Complaint in the matter of *Nathen Barton v. Pinnacle Home Improvements, LLC et al.* in the Superior Court of the State of Washington, County of Clark (the "State Court Action"). Plaintiff has yet to file the Summons or Complaint in the Superior Court of the State of Washington, County of Clark.

2.      Pursuant to 28 U.S.C. § 1446 and LCR 101(b), a copy of all documents served in the State Court Action are attached hereto, including **Exhibit A**, Summons and Complaint (served on Defendant Pinnacle Home Improvements, LLC on February 19, 2024); **Exhibit B**, Certificate of Service listing all counsel and pro se parties who have appeared in the action with their contact information; and **Exhibit C**, Civil Cover Sheet.

3.      Defendant has filed and served this Notice of Removal within 30 days of the service of the Complaint by Plaintiff Nathen Barton. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446.

4.      This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331, and it may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because Plaintiff's Complaint explicitly pleads a federal cause of action, seeking relief for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 C.F.R. § 64.1200 and TCPA 47 U.S.C. 227(c).

5.      Plaintiff has also asserted various state claims. Defendant requests that all claims be removed from the Superior Court of the State of Washington, County of Clark, and that this Court exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).

6.      The United States District Court for the Western District of Washington at Tacoma is the federal district within which the above-described Superior Court of the State of Washington, County of Clark case has been commenced.

DEFENDANT PINNACLE HOME
IMPROVEMENT, LLC'S NOTICE OF
REMOVAL AND NOTICE OF SPECIAL
APPEARANCE —2

NEWMAN LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

1    7.    Defendants served Plaintiff with a copy of their Notice of Removal on February 20,

2    2024. Defendant will file the remainder of all additional records and proceedings in the State

3    Court, along with a signed verification of the undersigned counsel, with this court pursuant to

4    LCR 101(c).

5    8.    The documents included in Exhibits A - C constitute all the known process,

6    pleadings and orders that have been served upon or by Defendants to date.

7    WHEREFORE, pursuant to 28 U.S.C. §§ 1331 and 1441, Defendants respectfully give

8    notice that the above-entitled State Court Action is removed from the Clark County Superior

9    Court to the United States District Court for the Western District of Washington at Tacoma.

10

11

12    Dated: February 20, 2024

Respectfully submitted,

13    NEWMAN LLP

14    s/ Keith Scully

15    Keith Scully, WSBA No. 28677
1201 Second Avenue, Suite 900
Seattle, WA 98101

16    Phone:    (206) 274-2800
Facsimile: (206) 274-2801

17    Email:    *keith@newmanlaw.com*

18    Counsel for Defendant

19    Pinnacle Home Improvements, LLC

20

21

22

23

24

25

26

27

28

DEFENDANT PINNACLE HOME
IMPROVEMENT LLC'S NOTICE OF
REMOVAL AND NOTICE OF SPECIAL
APPEARANCE —3

NEWMAN LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Washington that on February 20, 2024, I caused true and correct copies of the foregoing documents to be served by the method(s) listed below on the following interested parties:

**Via Electronic Transmittal**

Nathen Barton, *pro se*
4618 NW 11th Circle
Camas, WA 98607
(469) 347-2139
Email: bluewind33@protonmail.com

Plaintiff

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on February 20, 2024 at Georgia, Vermont.

*Leah B. Lavigne*
_____
Leah Lavigne

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11 **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
12 **FOR THE COUNTY OF CLARK**

| | |
|---|---|
| NATHEN BARTON,<br>Plaintiff<br><br>v.<br><br>PINNACLE HOME IMPROVEMENTS,<br>LLC, & JOHN DOE 1-10<br><br>Defendants. | Case No.:<br><br>SUMMONS (60 DAYS) |

13

14    TO THE DEFENDANT: A lawsuit has been started against you in the above entitled court

15 by Nathen Barton, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is

16 served upon you with this summons.

17    In order to defend against this lawsuit, you must respond to the complaint by stating your

18 defense in writing, and by serving a copy upon the person signing this summons within 60 days

19 after the service of this summons, excluding the day of service, or a default judgment may be

20 entered against you without notice. A default judgment is one where plaintiff is entitled to what

21 she or he asks for because you have not responded. If you serve a notice of appearance on the

22 undersigned person, you are entitled to notice before a default judgment may be entered.

Clark County Superior Court Summons  Page 1 of 2

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

<u>2/20/2024</u>
(dated)

_____
(signed)

Nathen Barton
(469) 347-2139
4618 NW 11th Cir
Camas WA 98607

**CLARK COUNTY SUPERIOR COURT**
https://clark.wa.gov/superior-court
(360) 397-2292
1200 Franklin Street
Vancouver WA 98660

Clark County Superior Court Summons  Page 2 of 2

1
2
3
4
5
6
7
8
9
10
11

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF CLARK**

| | |
|---|---|
| NATHEN BARTON,<br>Plaintiff<br><br>v.<br><br>PINNACLE HOME IMPROVEMENTS,<br>LLC, & JOHN DOE 1-10<br>Defendants. | Case No.:<br><br>COMPLAINT FOR A CIVIL CASE<br>AND INJUNCTIVE RELIEF<br><br>Jury Trial: ☒ Yes  ☐ No |

12          **I.    BASIS FOR JURISDICTION**

13  1.  Plaintiff Nathen Barton is a natural person and full-time resident of Clark County,

14      Washington.  All or nearly all the calls alleged in this complaint were received in Clark

15      County, Washington State, during the year 2023.

16  2.  Jurisdiction in this court is correct because of where Plaintiff resides, and his residence is

17      a nexus where Plaintiff suffered personal injury and invasion of privacy at the hands of

18      the Defendants.  Defendants were aware they were reaching into Washington State.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 1 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

## II.    INTRODUCTION

3.    Text messages grab our attention.  According to the "#1 Mass Text Marketing Software" maker Tatango, over 99% of recipients read at least some of telemarking text messages[1].

4.    Although the generally TCPA prohibits unsolicited telemarketing text messages, that 99% read rate is a bright light that attracts the unscrupulous telemarketing moths to fly out of the darkness.

5.    47 CFR § 64.1200(f)(10) defines "Seller" as

6.    "The term seller means the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

7.    47 CFR § 64.1200(f)(12) defines "Telemarketer" as

8.    "The term telemarketer means the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."

9.    In this lawsuit, John Doe is the Telemarketer and Pinnacle Home Improvements, LLC is the Seller.  Pinnacle Home Improvements, LLC may also be the Telemarketer.

## III.    THE PARTIES TO THE LITIGATION

10.    Plaintiff Nathen Barton resides at 4618 NW 11th Cir, Camas WA 98607, inside the bounds of Clark County, Washington State.

11.    Defendant Pinnacle Home Improvements, LLC ("Pinnacle") is a Georgia State registered company with a principal address of 1220 Old Alpharetta RD, Suite 310, Alpharetta GA 30005.  Pinnacle has registered agent James Marino at the same address.

12.    Defendant John Doe 1 is an unknown entity that acted as an agent of Pinnacle who substantially assisted Pinnacle in initiating the text messages sent to Barton.

---

[1] See https://www.tatango.com/blog/sms-open-rates-exceed-99/

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 2 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

# IV.    STATEMENT OF CLAIM

13.    Plaintiff is the registered subscriber for a cell phone number.  The phone number is used as a residential phone line and paid for by Barton.  He is not reimbursed for the service fee.

14.    The phone number is primarily used for residential purposes.  Plaintiff registered the phone number on the FTC national-do-not-call list more than 30 days prior to each phone call at issue in this litigation.  This is the phone number that received the calls/text messages in this lawsuit.

15.    "We now hold that the owner and subscriber of a phone with a number listed on the Do-Not-Call Registry has suffered an injury in fact when unsolicited telemarketing calls or texts are sent to the number in putative violation of the TCPA." *Hall v. Smosh Dot Com*, No. 22-16216, 4 (9th Cir. Jun. 30, 2023).

16.    The FCC "presumes that wireless subscribers who ask to be put on the National Do Not Call Registry are residential subscribers."[2], see *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195 (D. Mass. 2021)[3]; *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189 (D.N.M. 2019)[4]; *Mantha v. QuoteWizard.com*, CIVIL 19-12235-LTS (D. Mass. Feb. 3, 2022)[5]; *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648 (W.D. Tenn. 2020).[6]

---

[2]    https://www.fcc.gov/document/rules-and-regulations-implementing-telephone-consumer-protection-act-22, open the Report and Order, top paragraph of page 03-153.

[3]    https://casetext.com/case/barton-v-temescal-wellness-llc

[4]    https://casetext.com/case/mohon-v-agentra-llc

[5]    https://casetext.com/case/mantha-v-quotewizardcom-4

[6]    https://casetext.com/case/stevens-bratton-v-trugreen-inc-3

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 3 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

17.  This Federal Circuit has given deference to the FCC's interpretation of the TCPA.
     *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012)[7], *Satterfield v. Simon Schuster*, 569 F.3d 946 (9th Cir. 2009)[8],

18.  The Defendants did not have Plaintiff's consent to initiate any telemarketing calls to Plaintiff's phone number.  Barton did not ask for new windows or window repair.  Barton never heard the Defendant before they injected themselves into his life.

19.  Pinnacle acquired a "Lead" for a Melissa Porter.

20.  The phone number associated with the Lead was Barton's.

21.  It is the phone number that is the subject of this lawsuit.

22.  Pinnacle claims the Lead was generated from an IP address in Tucker, Georgia.

23.  Pinnacle claims the Lead was generated on 9/23/2023.

24.  This is a day that Barton did not have internet or phone service.

25.  Then they themselves or their agent dialed Barton's number to solicit him window related goods and services.

26.  They have had enough complaints from Leads they previously purchased that they had good reason to suspect the Barton lead was also fake.  Further, Barton told Pinnacle to stop calling and they did not stop.

27.  "We have held that the receipt of unsolicited phone calls or text messages in violation of the TCPA is "a concrete injury in fact sufficient to confer Article III standing." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); see also *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117-18 (9th Cir. 2022); *Chennette v.*

---

7    https://casetext.com/case/chesbro-v-best-buy-stores-lp-2

8    https://casetext.com/case/satterfield-v-simon-schuster-inc

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 4 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

*Porch.com, Inc.*, 50 F.4th 1217, 1222 (9th Cir. 2022). That is because "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients." *Van Patten*, 847 F.3d at 1043." *Hall.*

**Unsolicited Text Message #1-2**

28.    On 9/24/2023, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490.  The 286-character message said:

29.    "Hi Melissa!  Thank you for contacting Pinnacle Home Improvements.  I wanted to confirm that your inquiry has been received.  Please reply with some details about the project, and I will reach out during our normal business hours. 10am today. If you rather not talk over text reply END."

30.    Barton did not inquire with Pinnacle or anyone else by which Pinnacle was invited to text solicit Barton.  SMS text messages are limited to 160 characters.[9]  Multipart text messages are limited to 153 characters.  This text message, while appearing to be a single text, is comprised of two text messages glued together to appear as one.

31.    The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or services.

**Unsolicited Text Message #3**

32.    On 9/24/2023, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490.  The message said:

33.    "Following up, we would be happy to schedule your free in-home estimate. What's your best availability?"

---

[9] https://messagemedia.com/us/blog/how-many-characters-in-a-text-message

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

34. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or services.

**Unsolicited Text Message #4**

35. On 9/24/2023, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490.  The message said:

36. "Good Morning!  Before we schedule a free window estimate.., How many windows do you need fully replaced?"

37. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or services.

**Unsolicited Text Message #5**

38. On 9/24/2023, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490.  The message said:

39. "We help make new windows affordable by offering LOW MONTHLY PAYMENTS."  Are you still interested in a window estimate?"

40. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or services.

**Unsolicited Call Message #6**

41. On 9/25/2023, at 6:08am, Defendants or their agent initiated a call to Plaintiff's cell phone from phone number (423) 806-9807.

42. Plaintiff did not answer the call given the time it was placed, but a call back to this number on 11/14/2023 was greeted with an answering machine.

43. This number belongs to Pinnacle Home Improvements.

44. It has the same on-hold music that Pinnacle uses, and is the same area code as Pinnacle, and Plaintiff received no other calls from this area code in the days around this date.  The

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 6 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    purpose of the call was to encourage Plaintiff to purchase window or window

2    replacement related goods or services.

3                          **Unsolicited Text Message #7**

4    45.    On 9/25/2023, at 7am, Defendants initiated or substantially assisted in transmitting a text

5          message to Plaintiff's cell phone from phone number (678) 605-9490.  The message said:

6    46.    "Great news!  We have a window specialist available this afternoon to quate
7          your project! Would 6pm work for you?"
8

9    47.    The purpose of the text message was to encourage Plaintiff to purchase window or

10         window replacement related goods or services.

11                          **Unsolicited Call #8**

12    48.    On 9/25/2023, at 9:54am, Defendants or their agent initiated a call to Plaintiff's cell

13         phone from phone number (423) 806-9826.

14    49.    Plaintiff did not answer the call given the time it was placed, but a call back to this

15         number on 11/14/2023 was greeted with an answering machine.

16    50.    This number belongs to a Roxy with Pinnacle Home Improvements.

17    51.    The purpose of the call was to encourage Plaintiff to purchase window or window

18         replacement related goods or services.

19                          **Barton makes Do-Not-Call request #1**

20    52.    At 1:31pm on September 25, 2023, Barton used a reasonable method to ask Pinnacle to

21         put his phone number on their *do-not-call* list.

22    53.    On September 25, 2023, website *www.pinnaclehomeimprovements.com* was branded as

23         Pinnacle Home Improvements.

24    54.    On September 25, 2023, website *www.pinnaclehomeimprovements.com* was branded by

25         Pinnacle Home Improvements LLC.

55. On September 25, 2023, Pinnacle Home Improvements LLC allowed their name to be on website *www.pinnaclehomeimprovements.com*.

56. On September 25, 2023, Pinnacle Home Improvements LLC approved of the content on website *www.pinnaclehomeimprovements.com*.

57. On September 25, 2023, Pinnacle Home Improvements LLC controlled the content on website *www.pinnaclehomeimprovements.com*.

58. On September 25, 2023, Pinnacle Home Improvements LLC controlled what content was displayed on website *www.pinnaclehomeimprovements.com*.

59. On September 25, 2023, Pinnacle Home Improvements LLC controlled the functionality of website *www.pinnaclehomeimprovements.com*.

60. On September 25, 2023, Pinnacle Home Improvements LLC allowed their logo to be on website *www.pinnaclehomeimprovements.com*.

61. On September 25, 2023, Pinnacle owned website *www.pinnaclehomeimprovements.com*.

62. On September 25, 2023, Pinnacle operated website *www.pinnaclehomeimprovements.com*.

63. On September 25, 2023, website *www.pinnaclehomeimprovements.com* had one or more bright orange boxes, prominently displayed to visitors, labeled "Live Chat".

64. On September 25, 2023, there was a different bubble window overlayed on top of a highly visible portion of website *www.pinnaclehomeimprovements.com*.

65. That box said in large, bold text: "Hello.  Welcome to Pinnacle Home Improvements!  I am a Live Person here to help".

66. Underneath this bold text were three options.

67. The first option was a button titled "Free Quote".

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 8 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

68. The button was in dark blue with bold white text.

69. The second option was titled "I have a question".

70. This button was light gray with darker blue text.

71. The third option was titled "Other".

72. This third button was light gray with darker blue text.

73. Underneath this bubble window was the icon of a human man's face.

74. This was done to lend credibility to Pinnacle's claim that the chat box was staffed by a live person.

75. Barton selected the button titled "Other".

76. Upon clicking "Other" the bubble box expanded.

77. In large font the top of the expanded box was titled "Pinnacle Home Improvements".

78. Directly under this it said: "Chatting with Tony".

79. Directly under this it said: "This chat transcript will be saved and viewed by Pinnacle Home Improvements and/or those working on its behalf".

80. Directly under this it said: "Hello.  Welcome to Pinnacle Home Improvements!  I am a Live Person here to help".

81. The "Other" Barton clicked on in ¶75 morphed into a line of text under the text in ¶80.

82. That line said "Other".

83. The chat box repeated "Hello.  Welcome to Pinnacle Home Improvements!  I am a Live Person here to help".

84. Tony responded to Barton's "Other" with "Sure.  How may I help you".

85. Barton responded by giving Tony a message for Pinnacle: "Hello, please put 972 207 5749 on your do not call list.  I am in Washington State so can't use your services."

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 9 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

86.  Tony received the message and communicated to Barton the response: "I understand."

87.  On September 25, 2023, Tony was a communications agent for Pinnacle.

88.  On September 25, 2023, Tony had Pinnacle's actual authority to act as a communications agent for Pinnacle.

89.  On September 25, 2023, Tony had Pinnacle's apparent authority to act as a communications agent for Pinnacle.

90.  The Washington State Supreme Court said "[T]he principal is bound by the act of his agent when he has placed the agent in such position that persons of ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority, and to deal with him in reliance upon such assumption." *Hartman v. United Bank Card Inc.*[10]

91.  By Tony's receiving this message for Pinnacle, Pinnacle itself received the message from Barton at this instant.

92.  In this instant, on September 25, 2023, Pinnacle knew Barton was located in Washington State.

93.  Tony acquired the information from Barton while acting within the scope of his agency.

94.  "The actions of an acknowledged agent are imputed to the principal. *Blake Sand & Gravel, Inc. v. Saxon*, 98 Wn. App. 218, 223 (1999) ("When an agent has actual authority to act on behalf of the principal, the agent's exercise of the authority binds the principal."). Because there is no dispute regarding Denny's authority to act on behalf of "the Wang Group," Wang's argument that the authorization Hull received was ineffective

---

[10] *Hartman v. United Bank Card Inc.*, CASE NO. C11-1753JLR, 12 (W.D. Wash. Oct. 4, 2012)

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 10 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    because it did not come directly from one or all of the individuals who made up "the

2    Wang Group" is rejected."[11]

3    95.    This is established law in Washington State for 100 years.  See Washington State

4    Supreme Court case *Miller v. United Pacific Casualty Ins. Co.*[12]  (The Millers gave an

5    insurance agent information, who in turn failed to correctly apprise his principal of the

6    Miller's situation and an illegal contract for insurance was issued.  An accident ensued,

7    the illegal contract surfaced, and the principal tried to disavow the insurance contract.

8    The court ruled that the principal had imputed knowledge of the facts so could not escape

9    the damages).

10    96.    In 1959 the Washington State Supreme Court said in *Chase v. Beard*[13] "Notice to an

11    agent when acting within the scope of the agency is notice to his principal. Knowledge by

12    the agent of facts relating to the agency is deemed knowledge by the principal."

13    (Information given to a husband was imputed to the husband's wife.)

14    97.    See also *Busk v. Hoard*[14] ""Agency is a legal concept which depends upon the existence

15    of required factual elements: . . . The relation which the law calls agency does not depend

16    upon the intent of the parties to create it, nor their belief that they have done so. To

17    constitute the relation, there must be an agreement, but not necessarily a contract,

18    between the parties; if the agreement results in the factual relation between them to which

19    are attached the legal consequences of agency, *an agency* exists although the parties did

20    not call it agency and did not intend the legal consequences of the relation to follow.

21    Thus, when one who asks a friend to do a slight service for him, such as to return for

---

[11] *Wang v. Hull*, NO. C18-1220RSL, 3 (W.D. Wash. Jun. 18, 2020)

[12] *Miller v. United Pacific Casualty Ins. Co.*, 187 Wn. 629, 635 (Wash. 1936)

[13] *Chase v. Beard*, 55 Wn. 2d 58, 64 (Wash. 1959)

[14] *Busk v. Hoard*, 65 Wn. 2d 126, 134 (Wash. 1964)

credit goods recently purchased from a store, neither one may have any realization that they are creating an agency relation or be aware of the legal obligations which result from performance of the service. . . ." . . . Knowledge or notice by or to the agent is imputed to his principal . . . and, in most instances, the time, place or manner in which the agent obtains the knowledge is immaterial as far as charging the principal with it is concerned." (acting like an agent created an agency as a matter of law even though the agent and principal did not expressly intend to do so).

98.    See also 1980's *Soper v. Knaflich*[15] "Ordinarily, an agent does have a fiduciary duty to his principal to report information that he receives affecting his principal's interests. The knowledge of an agent will be imputed to his principal . . . We have repeatedly held that a prerequisite of an agency is control of the agent by the principal."

99.    Pinnacle controlled if Tony was able to communicate with visitors of Pinnacle's website.

100.   Pinnacle controlled if Tony was presented as an agent of Pinnacle's.

101.   Pinnacle controlled if Tony had any presence whatsoever on Pinnacle's website.

102.   Even if Tony was somehow a rogue agent in the matter, lining his own CD-tray at Pinnacles' expense, the adverse interested exception would protect Barton as an innocent third party "Nevertheless, notice is imputed ... when necessary to protect the rights of a third party who dealt with the principal in good faith."[16]

103.   Something caused Tony to believe Pinnacle had scheduled an appointment with Barton so he advised Barton to call 770 343 6181.

104.   Tony closed out the conversation with: "You're welcome.  Thank you for contacting Pinnacle Home Improvements."

---

[15] *Soper v. Knaflich*, 26 Wn. App. 678, 681 (Wash. Ct. App. 1980)  DIV 1
[16] *Chinacast Educ. Corp. v. Chinacast Educ. Corp*., 809 F.3d 471, 476 (9th Cir. 2015)

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 12 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.
NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

105. On September 25, 2023, Pinnacle represented to the public that Tony was a real person.

106. On September 25, 2023, Pinnacle represented to the public that Tony had the actual authority to act as a communications agent for Pinnacle.

107. On September 25, 2023, Pinnacle represented to the public that Tony had the apparent authority to act as a communications agent for Pinnacle.

108. On September 25, 2023, Pinnacle wanted visitors to its website *www.pinnaclehomeimprovements.com* to believe that Tony was a communications agent for Pinnacle.

109. Pinnacle believed that it would gain business by using Tony as a communications agent.

110. Pinnacle believed it would gain additional goodwill of visitors to its website *www.pinnaclehomeimprovements.com* by using Tony as an agent.

111. Pinnacle believed it would gain additional goodwill of visitors to its website *www.pinnaclehomeimprovements.com* by presenting Tony as a live person.

112. The FCC has ruled that consent may be revoked at any time and through any reasonable means. ("a called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur"). *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) see also *Rodriguez v. Premier Bankcard, LLC*, No. 3:16CV2541, 2018 WL 4184742 (N.D. Ohio Aug. 31, 2018)[17]; see also *Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1275, 1280 (11th Cir. 2017)[18].

---

[17]   https://casetext.com/case/rodriguez-v-premier-bankcard-llc
[18]   https://casetext.com/case/schweitzer-v-comenity-bank-1

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 13 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

113. On September 25, 2023, Pinnacle knew or should have known that consumers would perceive Tony as a reasonable means to communicate a *do-not-call* request to Pinnacle.

114. On September 25, 2023, Barton perceived Tony to be a reasonable means to communicate a *do-not-call* request to Pinnacle.

115. Pinnacle now alleges that Tony is and was always "an actor's face" but "there's no human to interact with . . . Instead, the program looks for key words in the message entered and provides pre-programmed responses to simple questions."

116. On September 25, 2023, if this representation to the public that Tony was a real human was false, Pinnacle knew that its representation to the public that Tony was a live person was false.

117. If Tony is a program that "looks for key words in the message entered and provides pre-programmed responses to simple questions" then Pinnacle's representation that Tony was a live human was false.

118. Pinnacle knew or should have known that someone in Barton's position may well communicate a do-not-call request to Tony.

119. Pinnacle intended that someone in Barton's position would communicate a do-not-call request to Tony.

120. Barton was fooled, he had no idea that Tony might not be a human.

121. Barton relied on Tony's "Understood." to mean Barton's message was communicated to Pinnacle.

122. Barton had a right to rely on "Understood." to mean Barton's message was communicated to Pinnacle.

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 14 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

123. Pinnacle now argues that they successfully fooled Barton into giving the message to Tony, and as a result of Barton's reliance on his communication to Tony and the subsequent lawsuit in Washington State, Barton owes Pinnacle for legal fees.

124. On 2/4/2024 Barton visited website *www.pinnaclehomeimprovements.com*.

125. He repeated the process of using Pinnacle's chat box.

126. That day he spoke with an agent calling herself "Camelia".

127. Pinnacle represented that Camelia was a live person in every way they represented Tony to be a live person, except they used the picture of a lady's face for Camelia.

128. Barton asked Camelia: "You are a live person?"

129. Camelia responded: "Yes, I am a real person and this is a live chat. Which of our products/services are you interested in?"

130. Barton responded: "So Keith Scully is not being honest when he says this chat tool is run by a robot?"

131. Camelia responded: "I understand and I am a real person. May I have your name please?".

132. Barton responded: "If I ask you to put my phone number (972) 207-5749 on your do not call list because I do not want your phone calls, what will you do with this request?"

133. Camelia responded: "I sincerely apologize for the inconvenience. I will submit a no-contact request for you. May I have your name please?"

134. Barton responded: "Nathen Barton and I live in Washington State".

135. Camelia responded: "Okay, Nathen, I have forwarded your information to our office. Is there anything else I can help you with?"

136. Barton responded: "Is this chat always staffed with live people or sometimes is it run by a robot?"

137. Camelia responded: "This chat is 24/7 and all the time you will find a live chat representative available."

138. As of 2/15/2024, Pinnacle still holds its chat agents out to the public as live humans.

139. Pinnacle has ratified the public announcement on their website *www.pinnaclehomeimprovements.com* that Tony was a human being.

140. Tony, like Camelia, could have and did or should have submitted a no-contact request on Barton's behalf.

141. It is irrelevant if Tony is real or electronic.

142. The Uniform Electronic Transactions Act is also the law in Washington State.

143. The Uniform Electronic Transactions Act is also the law in Georgia.

144. RCW 1.80.010 defines "Electronic Agent" as "a computer program or an electronic or other automated means used independently to initiate an action or respond to electronic records or performances in whole or in part, without review or action by an individual."

145. RCW 1.80.130 says "In an automated transaction, the following rules apply:"

146. "(1) A contract may be formed by the interaction of electronic agents of the parties, even if no individual was aware of or reviewed the electronic agents' actions or the resulting terms and agreements."

147. "(2) A contract may be formed by the interaction of an electronic agent and an individual, acting on the individual's own behalf or for another person, including by an interaction in which the individual performs actions that the individual is free to refuse to perform and

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 16 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1      which the individual knows or has reason to know will cause the electronic agent to

2      complete the transaction or performance."

3   148.  "(3) The terms of the contract are determined by the substantive law applicable to it."

4   149.  In Washington State, Electronic Agents are fully capable of binding their respective

5      principles even if no human is involved at all.

6   150.  Pinnacle claiming they are not responsible for Tony because he is a computer chat bot is

7      similar to lawsuit *Moffatt v. Air Canada*, 2024 BCCRT 149 (CanLII).[19]

8   151.  In November 2022, following the death of his grandmother, Jake Moffatt booked a flight

9      with Air Canada.

10   152.  While researching flights, Mr. Moffat used a chatbot on Air Canada's website.

11   153.  The chatbot suggested Mr. Moffatt could apply for bereavement fares retroactively. Mr.

12      Moffatt later learned from Air Canada employees that Air Canada did not permit

13      retroactive applications.

14   154.  While Air Canada did not provide any information about the nature of its chatbot,

15      generally speaking, a chatbot is an automated system that provides information to a

16      person using a website in response to that person's prompts and input.

17   155.  The parties implicitly agree that Mr. Moffatt was not chatting with an Air Canada

18      employee.

19   156.  An Air Canada representative admitted the chatbot had provided "misleading words."

20   157.  Air Canada argued it cannot be held liable for information provided by one of its chatbot.

21   158.  Air Canada did not explain why it believes that was the case.

22   159.  The court found that:

---

[19] *Moffatt v. Air Canada*, 2024 BCCRT 149 (CanLII)

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 17 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

160. "In effect, Air Canada suggests the chatbot is a separate legal entity that is responsible for its own actions. This is a remarkable submission. While a chatbot has an interactive component, it is still just a part of Air Canada's website. It should be obvious to Air Canada that it is responsible for all the information on its website. It makes no difference whether the information comes from a static page or a chatbot."

161. Air Canada was laughed out of court.

162. Attorney Steve Lehto, who has been practicing law for 32 years, called this "among the dumbest (legal) defenses I've ever heard raised in any case".[20]

163. Likewise, here Tony was part of Pinnacle's website and Pinnacle is responsible for Tony.

**Unsolicited Text Message #9**

164. On 9/26/2023, at 6:21am, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490.  The message said:

165. "Would another day work better for you?"

166. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or service.

167. Pinnacle knew Barton was "in Washington State" when they sent this text message to Barton.

168. Pinnacle knew Barton asked to be placed on Pinnacle's do-not-call list prior to them sending this text message to Barton.

**Unsolicited Call #10 and DNC #2**

---

[20] https://www.youtube.com/watch?v=C0WJ6OisKQ8

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 18 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

169. On 9/26/2023, at 8:06am, Defendants or their agent initiated a call to Plaintiff's cell phone from phone number (423) 460-9248. A Cathy with Pinnacle Home Improvements asked for a "Melissa". Barton told her there was no Melissa at this number and asked Cathy to put his phone number on their *do-not-call* list. Melissa did not hang up within ten seconds of Barton telling Cathy she had a wrong number.

170. Pinnacle knew Barton was "in Washington State" when they sent this text message to Barton.

171. Pinnacle knew Barton asked to be placed on Pinnacle's do-not-call list prior to them sending this text message to Barton.

**Unsolicited Text Message #11**

172. On 9/27/2023, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490. The message said:

173. "Sorry is this Melissa? Just want to make sure I'm contacting the right person about the window replacement project."

174. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or service.

175. Pinnacle knew Barton was "in Washington State" when they sent this text message to Barton.

176. Pinnacle knew Barton asked to be placed on Pinnacle's do-not-call list prior to them sending this text message to Barton.

**Unsolicited Text Message #12**

177. On 9/29/2023, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490. The message said:

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 19 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

178. "Just curious… Are you still interested in a window replacement estimate?"

179. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or service.

180. Pinnacle knew Barton was "in Washington State" when they sent this text message to Barton.

181. Pinnacle knew Barton asked to be placed on Pinnacle's do-not-call list prior to them sending this text message to Barton.

**Unsolicited Text Message #13**

182. On 10/2/2023, at 7:30am, Defendants initiated or substantially assisted in transmitting a text message to Plaintiff's cell phone from phone number (678) 605-9490. The message said:

183. "Do you need to finance your window project? If so we can help!
1). Yes
2) No"

184. The purpose of the text message was to encourage Plaintiff to purchase window or window replacement related goods or service.

185. Pinnacle knew Barton was "in Washington State" when they sent this text message to Barton.

186. Pinnacle knew Barton asked to be placed on Pinnacle's do-not-call list prior to them sending this text message to Barton.

**Defendants are Annoying the Public**

187. The phone ringing and dinging is obnoxious, an invasion of Plaintiff's privacy, a trespass into Plaintiff's property and seclusion, and a waste of time. Answering or looking at text

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 20 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

## V.    RELIEF

### Federal Law

188.  Plaintiffs phone number at issue was at all relevant times registered on the FTC *do-not-call* list more than 30 days before the alleged solicitations.  Plaintiff does not have any relationship with the Defendants by which they could legally phone solicit Plaintiff for any reason.

189.  Defendants violated the regulations governing the TCPA, 47 C.F.R § 64.1200, and TCPA 47 U.S.C. 227(c) by texting Plaintiff's cellular telephone numbers without invitation or consent when those numbers was registered on the FTC's National *do-not-call* registry more than 30 days prior to each call.

190.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id*. at § 64.1200(d)(4).

191.  "The FCC clarified that providing a d/b/a in a telemarketing message is permissible, but it is insufficient to fully comply with Section 64.1200(d)(4)" *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1185 (D. Utah 2021)

192.  Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to Plaintiff while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 21 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

1    made, and a telephone number or address at which the person or entity may be

2    contacted."

3                                **Washington State Law**

4                                    **RCW 80.36.390**

5    193.  Washington State RCW 80.36.390(6) says

6    194.  If, at any time during the telephone contact, the called party states or indicates they want

7          to end the call, the telephone solicitor must end the call within 10 seconds.

8    195.  Barton told Pinnacle that he wanted to end the call and they did not end the call within 10

9          seconds.

10   196.  Washington State RCW 80.36.390(7) says

11   197.  If, at any time during the telephone contact, the called party states or indicates that
12         he or she does not want to be called again by the telephone solicitor or wants to
13         have his or her name, individual telephone number, or other contact information
14         removed from the telephone lists used by the telephone solicitor:

15         (a)     The telephone solicitor shall inform the called party that his or her contact
16                 information will be removed from the telephone solicitor's telephone lists
17                 for at least one year;

18         (b)     The telephone solicitor shall end the call within 10 seconds;

19         (c)     The telephone solicitor shall not make any additional telephone
20                 solicitation of the called party at any telephone number that the called
21                 party has requested be removed from the solicitor's telephone lists for a
22                 period of at least one year;

23   198.  Barton told Pinnacle that he did not want to be called again and wanted his phone number

24         removed from their calling list. Pinnacle did not inform Barton that his contact

25         information would be removed for at least one year.

26   199.  Washington State RCW 80.36.390(8) says

200. A telephone solicitor shall not place calls to any person which will be received before 8:00 a.m. or after 8:00 p.m. at the call recipient's local time.

201. Pinnacle called Barton after 8pm but before 8am.

202. Washington State RCW 80.36.390(9) says

203. No person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended. This subsection applies to all telephone solicitation intended to be received by telephone customers within the state.

204. The Defendants initiated calls to Barton's cell phone number while it was registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations. They did so knowing that Barton resided in Washington State.

**RCW 19.190**

205. Washington State RCW 19.190.060(1) prohibits anyone conducting business in Washington State from initiating or assisting in the transmission of an electronic commercial text message to a telephone number assigned to a Washington state resident's cell phone.

206. The Washington State legislature determined that "[d]amages to the recipient of a . . . commercial electronic text message sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." RCW 19.190.040(1).

207. The Washington State legislature clearly stated that the sending of an email message prohibited by CEMA is a violation of the Consumer Protection Act (RCW 19.190.030(1))

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 23 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

208. The legislative history of RCW 19.190 states that the recipient of both commercial email messages and commercial text messages "may bring a civil action against the sender for the greater of $500 or actual damages." Wash. Final Bill Rep., 1998 Reg. Sess. H.B. 2752 (Apr. 6, 1998); Wash. Final Bill Rep., 2003 Reg. Sess. H.B. 2007 (June 27, 2003). Having now determined that there is no private right of action under CEMA, the only way to give effect to the legislature's stated intent is to construe the liquidated damages provision as establishing the injury and causation elements of a CPA claim. *Gragg v. Orange Cab Company et al*, No. 2:2012cv00576 - Document 162 (W.D. Wash. 2015)[21]

**Common Law Fraud**

209. Pinnacle held Tony out as a live human being and a communications agent of Pinnacle.

210. If Tony turns out to be a computer, and this fact materially injures Barton in this lawsuit, Pinnacle has committed common law fraud against Barton.

211. Pinnacle seeks damages against Barton because of this misrepresentation.

212. Pinnacle damaged Barton with their fraudulent representation that Tony was a capable communications agent for Pinnacle.

**RCW 19.86**

213. Pinnacle held Tony out to Barton as a live human being and a communications agent of Pinnacle.

214. If Tony turns out to be a computer, and this fact materially injures Barton in this lawsuit, that is an unfair or deceptive trade practice.

215. Pinnacle damaged Barton with their fraudulent representation that Tony was a capable communications agent for Pinnacle.

---

[21] https://cases.justia.com/federal/district-courts/washington/wawdce/2:2012cv00576/183407/162/0.pdf?ts=1447174101

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE - 24 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

**Common Law Negligent Misrepresentation**

216. Pinnacle used their website and Tony to represent to Barton that he could communicate with Pinnacle via Tony.

217. Pinnacle knew that Tony was not a live human being.

218. Pinnacle knew that they did not consider Tony to be an agent Barton could use to communicate with Pinnacle.

219. Pinnacle intended Barton to believe he could use Tony to communicate with Pinnacle.

220. Barton believed that representation and communicated with Tony a *do-not-call* request and Barton's location.

221. Barton was injured by their misrepresentation.

**Treble Damages**

222. Plaintiff believes the record shows that Defendants' violations of the law were willful or knowing.

223. They violated the *do-not-call* regulations and continued calling after being told Barton wanted his number to be added to their do-not-call list.

224. Other consumers have similar complaints about unwanted calls from Pinnacle.

225. On Pinnacle's Better Business Bureau website there is a complaint dated 8/14/2023:[22]



David B

⭐☆☆☆☆                                                                08/14/2023

I was awoken by an unsolicited text at 4am today stating that I will be contacted about ******* request. They are fishing for customers. And at 4am. I called, they stated its an automatic system and they can't do anything about it. Apparently my work request was a bathroom remodel, I have already remodeled every bathroom in the house, so this is not a request anyone in the household would inquire about anywhere. 5am is too early for just contact from any company.

226.

---

[22] https://www.bbb.org/us/ga/alpharetta/profile/roofing-contractors/pinnacle-home-improvements-llc-0443-27264647/customer-reviews

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 25 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

227. Pinnacle responded to David B on 8/18/2023:

> **Pinnacle Home Improvements, LLC Response**                08/18/2023
>
> We understand how unsettling such an event can be, and we regret any inconvenience or disturbance this may have caused.
>
> After receiving the complaint, we contacted the individual and conducted a thorough investigation into the matter. Our findings revealed that someone has falsely used our name and contact information for their marketing campaign. We do not sell or install interior remodeling, particularly bathroom projects, and we do not engage in sending unsolicited texts to potential customers.
>
> At Pinnacle, we hold ourselves to strict standards when it comes to customer communication. We only contact individuals during appropriate hours and never engage in unsolicited outreach. This feedback was invaluable to us, and it reinforces the importance of our commitment to respectful and ethical marketing practices. Thank you for bringing this matter to our attention.

228.

229. On Pinnacle's Better Business Bureau website there is a complaint dated 11/14/2023:[23]

> 
> **Initial Complaint**                **Complaint Type:** Problems with Product/Service
> 11/14/2023                           **Status:** Answered ❓
>
> They got my phone number and will not quit harassing me. They have called me every day 10 times a day. I have told them numerous times to stop calling me and quit harassing me and they are still doing it every single day.

230.

231. Pinnacle responded to this complaint on 11/14/2023:

> PINNACLE   **Business response**
>            11/16/2023
>
>  We have called to apologize for any inconvenience caused by the unintended multiple calls. (Not surprisingly) we were not able to get in touch with this individual. We have investigated and can confirm only six calls from our end. Nonetheless, we understand the frustration and have taken immediate steps to resolve this issue - he will no longer receive any calls from us. This was unintentional, and there is no benefit for us to invest time and money calling individuals who are not interested in our services.

232.

233. Therefore, Plaintiff asks for treble damages under TCPA 47 U.S.C. 227(c)(5).

---

[23] https://www.bbb.org/us/ga/alpharetta/profile/roofing-contractors/pinnacle-home-improvements-llc-0443-27264647/complaints

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE - 26 / 27          NATHEN BARTON
BARTON V PINNACLE HOME IMPROVEMENTS, LLC                  4618 NW 11TH CIR
CAUSE NO.                                                 CAMAS WA 98607

**Injunctive Relief**

234.  TCPA 47 U.S.C. 227(c)(5)(A) allows "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation".

235.  Plaintiff's phone number was registered on the FTC's National Do Not Call registry, yet he was solicited by Defendants.

236.  It is reasonable to believe that Defendants have done this many times in the past and will continue harming the residents of this State and other States in the future.

237.  Plaintiff asks this Court to enjoin the Defendants from violating the TCPA.

**All other such Relief**

238.  Plaintiff prays for all possible statutory damages, that he might entitled too.  Barton also asks for court costs, attorney fees (should he retain an attorney to represent him in this lawsuit), pre-judgement interest, and post-judgement interest.

_____

       (Nathen Barton)

Nathen Barton
bluewind33@protonmail.com
(469) 347-2139
4618 NW 11th Cir
Camas WA 98607

PLAINTIFF'S COMPLAINT FOR A CIVIL CASE  - 27 / 27
BARTON V PINNACLE HOME IMPROVEMENTS, LLC
CAUSE NO.

NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

# Exhibit B

1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
           **FOR THE WESTERN DISTRICT OF WASHINGTON**
8                         **AT TACOMA**

9   NATHEN BARTON,                          Case No.  3:24-cv-05142

10        Plaintiff,                        **CERTIFICATE OF SERVICE PROVIDED**
                                            **PURSUANT TO LCR 101(b)(2)**
11  v.

12  PINNACLE HOME IMPROVEMENTS, LLC
    and JOHN DOE 1-10,
13
          Defendants.
14

15

16         **Plaintiff Nathen Barton, *pro se***

17         Nathen Barton
18         4618 NW 11th Circle
           Camas, WA 98607
19         (469) 347-2139
           Email: bluewind33@protonmail.com
20

21         **Counsel for Defendant Pinnacle Home Improvements, LLC, special appearance**

22         Keith Scully
           Newman LLP
23         1201 Second Ave., Suite 900
           Seattle, WA 98101
24         (206) 274-2800
           Email: keith@newmanlaw.com
25

26

27

28
    DEFENDANT PINNACLE HOME                                          1201 Second Avenue, Suite 900
    IMPROVEMENT LLC'S NOTICE OF                                      Seattle, Washington 98101
    REMOVAL AND NOTICE OF SPECIAL          NEWMAN LLP                (206) 274-2800
    APPEARANCE —1

Dated: February 20, 2024

Respectfully submitted,

NEWMAN LLP

s/ Keith Scully
Keith Scully, WSBA No. 28677
1201 Second Avenue, Suite 900
Seattle, WA 98101
Phone:      (206) 274-2800
Facsimile:  (206) 274-2801
Email:      *keith@newmanlaw.com*

Counsel for Defendant
Pinnacle Home Improvements, LLC

DEFENDANT PINNACLE HOME
IMPROVEMENT LLC'S NOTICE OF
REMOVAL AND NOTICE OF SPECIAL
APPEARANCE —2

NEWMAN LLP

1201 Second Avenue, Suite 900
Seattle, Washington 98101
(206) 274-2800

# Exhibit C

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NATHEN BARTON

**DEFENDANTS**

PINNACLE HOME IMPROVEMENTS, LLC & JOHN DOES 1-10

**(b)** County of Residence of First Listed Plaintiff   Clark
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Nathen Barten, pro se; 4618 NW 11th Cir, Camas, WA 98607; (469) 347-2139

Attorneys *(If Known)*

Keith Scully, Newman LLP, 1201 Second Ave., Suite 900, Seattle, WA 98101; (206) 274-2800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☒ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227

Brief description of cause:
Telephone Consumer Protection Act claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/20/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.